IN THE UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY


LAWRENCE A. GAINES,              :
                                 :   HONORABLE JOSEPH E. IRENAS
          Petitioner,            :
                                 :   CIVIL ACTION NO. 11-5670 (JEI)
     v.                          :
                                 :
COMMISSIONER, NEW JERSEY         :              **OPINION**
DEPARTMENT OF CORRECTIONS;       :
and PAULA T. DOW, Attorney       :
General of New Jersey,           :
                                 :
          Respondents.           :


**APPEARANCES:**

LAWRENCE A. GAINES, Petitioner *pro se*
Inmate # 743197a
Mid-State Correctional Facility
P.O. Box 866
Wrightstown, New Jersey 08562

PAULA T. DOW, ATTORNEY GENERAL OF NEW JERSEY
By: Carol M. Henderson, Esq.
Office of the Attorney General
Division of Criminal Justice, Appellate Bureau
P.O. Box 086
Trenton, New Jersey 08625
          Counsel for Respondent

**IRENAS**, Senior District Judge:

     Presently before the Court is Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2254. Petitioner asserts that the New Jersey State Parole Board miscalculated by 70 days the prison time he must serve for violating his parole. For the reasons set forth below, the application will be denied.

**I.**

Petitioner Gaines was originally sentenced in New Jersey state court to a prison term of 8 years on two counts of robbery and conspiracy.  He served at least the mandatory minimum term of his 8-year sentence (6 years, 9 months, and 18 days) and, on September 26, 2008, was released on parole.

On September 1, 2010, Gaines failed to report to his parole officer for the purpose of giving a urine sample.[1]  A parole warrant was issued on that day.  A second warrant, based on the original parole warrant, was issued by the Fugitive Unit of the State Parole Board on November 10, 2010 (70 days after the first warrant was issued).  On November 23, 2010, Gaines was arrested without incident.

At the parole violation hearing held approximately a month later, the hearing officer recommended revocation of Gaines' parole.  The State Parole Board adopted the recommendation shortly thereafter, and ordered Gaines to serve a parole eligibility term of 12 months.[2]  Thus Gaines has remained in custody since his arrest on November 23, 2010.  The Department of

---

[1] At the parole violation hearing, Gaines admitted to failing to appear on September 1, 2010, and also admitted to failing to obtain approval for a change in address, failing to refrain from using a controlled dangerous substance (heroin), and failing to submit to drug and alcohol testing, all in violation of the terms of his parole.

[2] Gaines' Petition seems to indicate that he was ordered to serve 1 year, 16 days for the parole violation, but the documents submitted by Respondent clearly indicate that Gaines was ordered to serve only 12 months.

2

Corrections' records indicate that Gaines' present parole eligibility date is November 22, 2011, with a maximum release date of December 18, 2011.

Gaines appealed the order of the State Parole Board.  While the New Jersey Appellate Division denied his "motion for acceleration" of the appeal, it granted his motion to proceed as an indigent and his appeal remains pending.

## II.

Section 2254 provides, in pertinent part, that:

> a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

A habeas corpus petition is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement, *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973); *see also Wilkinson v. Dotson*, 125 S.Ct. 1242 (2005).  Additionally, where a prisoner seeks a "quantum change" in the level of custody, for example, where a prisoner claims to be entitled to probation or bond or parole, habeas is the appropriate form of action.  *See, e.g., Graham v. Broglin*, 922 F.2d 379 (7th Cir. 1991) and cases

cited therein.[3]

### III.

It is the circumstance of two warrants being issued, and the 70 days that elapsed between their issuance, that gives rise to Gaines' present application. If the first warrant was valid, then the parole board's calculation of his maximum release date for the parole violation is correct; but if the first warrant was invalid-- Gaines asserts that it was cancelled and therefore invalid-- then, Gaines argues, his maximum release date should be October 8, 2011 (70 days earlier than December 18, 2011).[4]

It is undisputed that the first warrant does have the word "canceled" [sic] handwritten in large print across the face of it. However, nothing in the record indicates the date on which the warrant was apparently cancelled. In his Answer, Respondent explains that parole warrants are cancelled in two situations: (1) "when the parolee is taken into custody" or (2) "when the

---

[3] *See also Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 237 (3d Cir. 2005) (challenge to regulations limiting pre-release transfer to community corrections centers properly brought in habeas); *Macia v. Williamson*, 2007 WL 748663 (3d Cir. 2007) (finding habeas jurisdiction in challenge to disciplinary hearing that resulting in sanctions including loss of good-time credits, disciplinary segregation, and disciplinary transfer).

[4] Respondent argues that by failing to challenge at the parole violation hearing the validity of the first warrant Gaines has "procedurally defaulted" on this issue an may not raise it now. Because the Court concludes that the claim fails on the merits, the Court makes no ruling on this procedural argument. Nor does the Court rule on Respondent's "affirmative defense," asserted in his Answer, that Gaines has failed to exhaust his administrative remedies because his appeal, raising the warrant issue, is presently pending before the New Jersey Appellate Division.

4

case is transferred to the Fugitive Unite of the State Parole Board." (Answer, p. 7) Both events undisputedly occurred in this case; on November 23, 2010 and November 10, 2010, respectively. Thus, nothing in the record supports Gaines' assertion that the warrant was cancelled (and therefore invalid) during the time period of September 1, 2010 and November 10, 2010.

Moreover, Gaines does not dispute-- indeed, he admitted at his violation hearing-- that the grounds for issuing a warrant on September 1, 2010 were valid; he did violate his parole on that day by failing to report. Thus, Gaines in fact became a fugitive on September 1, 2010 and is not entitled to any additional days credited towards his maximum release date.

**IV**.

Based on the foregoing, Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2254 will be denied. The Court will issue an appropriate Order.

Dated: October 11, 2011

                                                     s/ Joseph E. Irenas
                                            Joseph E. Irenas, S.U.S.D.J.